IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AT&T CORP.<br>a New York corporation,<br><br>   Petitioner,<br>vs.<br><br>TIME WARNER CABLE, INC.,<br>a Delaware corporation<br><br>   Respondent. | Case No.: 1:14-MC-23 |

**PETITIONER AT&T CORP.'S PETITION AND MOTION FOR COMPLIANCE OF SUBPOENA TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 45(d)(2)(B)(i)**

COMES NOW Petitioner AT&T Corp. ("AT&T"), by and through the undersigned counsel, to compel compliance of Respondent Time Warner Cable, Inc. ("Time Warner") with a Subpoena for Documents served on Time Warner pursuant to Federal Rule Civil Procedure 45. In support thereof, AT&T states as follows:

**INTRODUCTION**

AT&T brings this Motion for Compliance pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) to this Court because AT&T is the Plaintiff and Counter Defendant in an action pending with the United States District Court for the Western District of Texas San Antonio Division, Case No. SA13CA0644-DAE ("the Action"). The Defendant in the Action is Park I-10 Motors, Inc. which is a commercial customer of both AT&T and Time Warner. In the Action, AT&T served on Respondent Time Warner a third-party Subpoena for Documents ("Subpoena") over seven months ago on January 7, 2014. The Subpoena to Produce Documents and Affidavit of Service

1

are attached as **Exhibit 1**. To date, Time Warner has failed to adequately respond to the Subpoena after multiple attempts and conferral requesting compliance.

AT&T is submitting its Petition and Motion for Compliance to this Court because on Time Warner's website, the company indicates its Subpoena Compliance Team is located at 13820 Sunrise Valley Drive, Herndon, VA 20171 in the attached web page of Time Warner. See **Exhibit 2**. The Herndon, Virginia location is also where AT&T completed service of the Subpoena on Time Warner as indicated in its own instructions.

## PROCEDURAL BACKGROUND

As indicated earlier, on January 7, 2014, AT&T served the attached Subpoena on third-party Time Warner requesting business documents regarding Time Warner's procurement of telecommunication services with the Action's Defendant while the Action's Defendant was under an agreement with AT&T for similar services. In response, Time Warner sent a letter to the undersigned's counsel that it will not provide the requested documents because it claims it needs the Action Defendant's authorization or a Court Order to release the documents under 47 U.S.C. § 551(c), the federal Cable Privacy Act. Time Warner's letter dated February 4, 2014 is attached as **Exhibit 3**. The Action's Defendant signed an Authorization allowing the release of such information which was produced to Time Warner on April 24, 2014. Action Defendant's Authorization and correspondence delivering the same is attached as **Exhibit 4**. Following the submittal of the Authorization, it was expressed by Verner So, with Time Warner, that it was collecting documents responsive to the Subpoena and would be submitting those documents to the Action Defendant for its initial review pursuant to the Authorization. The last correspondence received from Mr. So we received a month ago to which no action has since

been taken. The June 17, 2014 correspondence from Mr. So to Stephanie Loughner, counsel for AT&T in the Action states:

> Ms. Loughner,
> It is just now that I am receiving documents from various sources. Also, the customer consent signed by Mr. Hardin says "I cannot agree to the release of information that may violate 47 USC §§ 551(c), the Cable Privacy Act unless or until I have been given a chance to review the documents Time Warner Cable believes are responsive." As soon as I have the complete documents on hand, I will provide Mr. Hardin the opportunity to review them prior to release.

Email dated June 17, 2014 from Verner So to Stephanie Loughner is attached as **Exhibit 5**.

To date, only four (4) documents plus the parties' service agreement have been disclosed by Time Warner in response to the Subpoena despite the multiple emails and communications counsel for AT&T has had with representatives at Time Warner requesting further compliance. Multiple conferral email communications are attached as **Exhibit 6**. The delay and refusal to comply are overdue in what appears to be a deceitful attempt by Time Warner to ignore or otherwise refuse compliance with the Subpoena without cause. Neither the Action Defendant nor Time Warner have requested any court to quash or otherwise modify the Subpoena thus the delay is unwarranted and unexplained.

## REQUEST FOR COMPLIANCE

Through this Motion, AT&T requests that Time Warner fully comply and produce all documents responsive to the Subpoena within no more than two (2) days of the Court's Order. Given the representations of Time Warner, no further delay is warranted. Additionally, discovery has closed in the Action and the dispositive motion deadline is near. These documents are believed to have pertinent information regarding the parties' claims.

3

WHEREFORE, AT&T Corp. prays that the Court GRANT its Petition and Motion for Compliance of Subpoena to Produce Documents Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) with an order for immediate compliance of the Subpoena and for any additional relief determined by the Court.

Respectfully submitted this 18th day of July, 2014.

> AT&T Corp.,
> By Counsel
>
> *[signature]*
> Douglas E. Plocki, Esq. (Va. Bar No. 48663)
> NOVA Business Law Group, LLP
> 4151 Chain Bridge Road
> Fairfax, Virginia, 22030
> Phone: 703-766-8081
> Fax: 703-766-8085
> dplocki@novablg.com
> *Counsel for Petitioner AT&T CORP.*